IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SHEERY M. CABRERA VELAZQUEZ<br><br>    Plaintiff<br><br>    v.<br><br>PUERTO RICO TELEPHONE / CLARO INC.; ELLIOT RODRIGUEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP CONSTITUTED BY THEM; CARMEN L. MORALES RIOS, HER HUSBAND JOHN POE AND THE CONJUGAL PARTNERSHIP CONSTITUTED BY THEM; JESUS DE JESUS, HIS WIFE HELEN DOE AND THE CONJUGAL PARTNERSHIP CONSTITUTED BY THEM; JOSE A. RAMOS, HIS WIFE SALLY ROE AND THE CONJUGAL PARTNERSHIP CONSTITUTED BY THEM; JOHN DOE, RICHARD ROE, JAN ROE, INSURANCE COMPANY ABC<br><br>    Defendants | CIVIL No.  10-1523 (JP)<br><br>JURY TRIAL REQUESTED |

**OPPOSITION TO "MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE"**

**TO THE HONORABLE COURT**:

**COME NOW** defendants Puerto Rico Telephone Company (hereinafter "PRTC" or the "Company"), Carmen L. Morales Ríos, Jesús De Jesús, José Ramos, and Elliott Rodríguez (collectively referred to as " the individual defendants"), through the undersigned attorneys and, respectfully request from the Court to enter an Order dismissing the case with prejudice for the reasons that follow:

1.      On October 22, 2010, the defendants filed a "Motion to Dismiss" and a "Motion to Dismiss the Second, Third, Fifth, and Sixth Cause of Action". See Dkts. No. 10-11.  On November 22, 2010, co-defendant Elliott Rodríguez joined the Motions to Dismiss.  See Dkt. No. 16.

2.      After assessing the imminent dismissal with prejudice and judgment on the merits of her claims, on November 22, 2010, plaintiff strategically requested from the Court, pursuant to Federal Rule 41(a)(2) of the Federal Rules of Civil Procedure, an Order approving her voluntary dismissal without prejudice of some claims against the Company and all the claims against the individual defendants.  See Dkts. No. 17-18.[1]  Her only explanation was that her request was based on her review of the complaint and that there would be no prejudice to defendants since the case is in its initial stages.

3.      Although defendants do not oppose that the case be voluntarily dismissed, the dismissal must be **with prejudice** inasmuch as it was requested after the Motion to Dismiss was filed and will cause prejudice to defendants if the dismissal is without prejudice.

4.      The United States Court of Appeals for the First Circuit has held that "(t)he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." Puerto Rico Maritime Shipping Authority v. Leith, 668 F.2d 46, 50 (1st Cir. 1981).  Accordingly, the district court is responsible under Rule 41 for exercising its discretion to ensure that such prejudice will not occur.  See Doe v. Urohealth Sys., 216 F.3d 157, 160 (1st Cir.2000).

---

[1] Plaintiff did not include Elliott Rodríguez in her request for voluntary dismissal, although Rodríguez had already joined the dispositive motions.  See Dkts. No. 16-18. Accordingly, she has failed to oppose the Motions to Dismiss he joined on November 22, 2010, and the time for doing so has elapsed. Consequently, an Order for dismissal with prejudice should follow as to Elliott Rodríguez either under the grounds upon which dismissal was requested in the Motions to Dismiss or for the reasons averred in the instant motion, if the failure to include him was an error from plaintiff.

In deciding whether to grant a plaintiff's motion under Rule 41(a)(2), courts generally analyze "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Urohealth Sys., 216 F.3d at 160 (quoted on Molina-Olivo v. Experience Works, Inc., 2009 WL 1767552 (D.P.R. 2009)(Pieras, J.). However, a court need not consider each factor or limit its analysis to these factors only. See Urohealth Sys., 216 F.3d at 160.

As in Molina-Olivo, defendants oppose plaintiff's motion for a voluntary dismissal without prejudice and request that plaintiff's claims be dismissed with prejudice. The voluntary dismissal was filed after the dispositive motions were filed and defendants had already spent time and resources in drafting said motions. In addition, plaintiff's "voluntary" dismissal comes only after she has seen the weaknesses of her claims, as highlighted in the Motions to Dismiss. As long as the dismissal is conveniently requested without prejudice, she could seek to redraft and refile those claims, try to avoid a dismissal on the merits, and force the defendants to go through the same expenses.[2] In light of the above, plaintiff has not filed her voluntary dismissal in good faith, since the same is only a strategic mechanism and a delay tactic to prevent the Court from ruling on Defendants' pending dispositive motions.

---

[2] On the other hand, if plaintiff were to file the same claims in local court, the matter will ultimately be heard in federal court because plaintiff's suit is based on federal statutes, and her state claims are commingled with the federal issues raised in the lawsuit. Thus, a dismissal without prejudice would waste the parties' time and judicial resources as well.

Furthermore, plaintiff provides no explanation as to why she chose to "voluntarily" dismiss her claims. She only avers that the same is done after reviewing the Complaint. However, the fact of the matter remains that if such review was the real reason behind her request, the same could and had to be done prior to the filing of the Motions to Dismiss, which she knew was going to be done by the October 22, 2010 deadline. Therefore, under Rule 11 of the Federal Rules of Civil Procedure she was forced not to include those claims in the Complaint. After she retained legal representation on or before October 15, 2010, under Rule 11 she was forced to desist from her claims before the Motions to Dismiss were filed. Instead, plaintiff filed her notice of voluntary dismissal one month after the dispositive motions were filed and defendants had invested a significant amount of resources in preparing said motions.

Accordingly, this Court has held that legal prejudice occurs if a defendant is voluntarily dismissed when he is entitled to a final judgment of dismissal with prejudice on a summary judgment motion. See González v. José Santiago, Inc., 141 F.Supp.2d 202, 205 (D.P.R.2001) (Pieras, J.). A similar conclusion should follow where, as here, defendants would be entitled to a final judgment of dismissal with prejudice on their motions to dismiss.

**WHEREFORE**, it is respectfully requested that the Court grant in part plaintiff's Motion for voluntary Dismissal and enter an Order dismissing **with prejudice** the claims against the Puerto Rico Telephone Company and the individual defendants.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 6th day of December, 2010.

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

**USERA MORELL BAUZÁ**
**DAPENA & CARTAGENA LLP**
P.O. Box 13399
San Juan, PR 00908
Telephone: (787) 725-8080
Telefax: (787) 723-8763


**GREGORY T. USERA**
USDC-PR 129205
gregory.usera@um-law.com


**S/PEDRO GINER DAPENA**
**PEDRO GINER DAPENA**
USDC-PR 220212
pedro.giner@um-law.com
