IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SHERRY M. CABRERA-VELAZQUEZ,<br><br>          Plaintiff<br><br>          v.<br><br>PUERTO RICO TELEPHONE COMPANY, et al.,<br><br>          Defendants | CIVIL NO. 10-1523 (JP) |

**OPINION AND ORDER**

     Before the Court are: (1) Defendants' motion to dismiss the second, third, fifth and sixth causes of action (**No. 10**); (2) Defendants Carmen Morales-Ríos, Jesús de Jesús, José Ramos and Elliot Rodríguez's (collectively referred to as "Individual Defendants") motion to dismiss (**No. 11**) the complaint against them;[1] (3) Plaintiff Sherry M. Cabrera-Velázquez's ("Cabrera") motions to voluntarily dismiss without prejudice her third, fifth and sixth causes of action, and all of her claims against Defendants Carmen Morales-Ríos, Jesús de Jesús, and José Ramos (**Nos. 17 and 18)**; (4) Plaintiff's opposition to Defendants' motion to dismiss at docket number 10 (No. 19); (5) Defendants' opposition to the motions for voluntary dismissal without prejudice of certain claims (No. 23); and (6) Defendants' reply to Plaintiff's opposition to the motion to

---

1.   Defendant Elliot Rodríguez joined the motions to dismiss filed by the other Defendants (Nos. 16 and 20).

CIVIL NO. 10-1523 (JP)          -2-

dismiss (No. 24). In the instant complaint, Plaintiff brings claims pursuant to, *inter alia*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, and the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). Plaintiff also asserted state law claims in the complaint. Defendants move to dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Plaintiff's motions to voluntarily dismiss certain claims without prejudice are hereby **GRANTED;** and Defendants' motions to dismiss are hereby **GRANTED IN PART AND DENIED IN PART.**

**I.**

**FACTUAL ALLEGATIONS**

In 1999, Plaintiff Cabrera alleges that she was involved in a car accident which led to her becoming disabled. Plaintiff had her right arm amputated as a result of the accident, and suffers from cervical strain, dorsolumbar strain and numbness on her left leg. At the time of the accident, Cabrera was a contract employee of Defendant Puerto Rico Telephone Company a/k/a Puerto Rico Telephone/Claro Inc. ("PRTC").[2]

On February 18, 2000, Cabrera allegedly was given a full time position with PRTC as a Customer Service Coordinator in PRTC's Hato

---

2.   At the time, PRTC was known as Verizon.

CIVIL NO. 10-1523 (JP)           -3-

Rey facilities.  At all relevant times, Plaintiff was qualified to perform the duties of her positions, performed her duties diligently, and expected to be provided with reasonable accommodations for her physical disabilities.  Defendants were allegedly aware of Plaintiff's disabilities.  Plaintiff alleges that, ever since Plaintiff began working in her full time position, she has been subjected to harassing and discriminatory behavior because of her disability.  This discriminatory conduct continued until Plaintiff was wrongfully terminated on February 25, 2009.  At the time of her dismissal, Plaintiff was earning $17,600.00 per year plus benefits.

From 2000 and until 2009, Cabrera allegedly was discriminated against by Defendant PRTC and the Individual Defendants.  The discriminatory conduct included denying Plaintiff the reasonable accommodations she had requested, denying Cabrera job promotions, submitting Plaintiff to unjust disciplinary measures, cancelling Plaintiff's reasonable accommodation without a legitimate reason for doing so, threatening Plaintiff with dismissal, and spreading false rumors about Plaintiff.  Plaintiff submitted various complaints to PRTC regarding the need for a reasonable accommodation.  Said complaints were supported by medical certificates.  Even though she eventually did receive a reasonable accommodation, said reasonable accommodation was permanently removed in September 2007.

Plaintiff alleges that she was also denied job promotions even though she was qualified for the positions.  The individuals selected

CIVIL NO. 10-1523 (JP)          -4-

for said positions had less experience than Plaintiff and were not handicapped. Also, Defendant Elliot Rodríguez allegedly spread false rumors about Plaintiff such as calling her a drug addict and telling other employees that she smoked marihuana. Plaintiff filed an administrative complaint with PRTC regarding Elliot Rodríguez's conduct, but PRTC failed to take any action.

Plaintiff also allegedly received a written reprimand from the Human Resources Department of PRTC ("HR") accusing her of missing work without justification. Even though Plaintiff presented evidence of medical appointments to justify her absences, said reprimand was not removed and she was placed on probation for a period of two (2) years. Plaintiff was denied access to her personnel file in order to determine whether the reprimand had been removed. With regard to the removal of her reasonable accommodation in September 2007, Cabrera went to HR to inquire as to why her reasonable accommodation had been removed. Defendants Jesús de Jesús and José A. Ramos allegedly informed her that her records for the reasonable accommodation could not be located and that she had to file a new request. Plaintiff filled out a new request and followed up on said request. However, PRTC never provided Plaintiff with the requested accommodation.

Also, Plaintiff alleges that she developed several respiratory conditions because she was working in a "sick building." As part of her requests for reasonable accommodations, Plaintiff asked to be

CIVIL NO. 10-1523 (JP)          -5-

transferred to another facility that did not pose a threat to her health.  PRTC did not respond and/or grant her request.  While serving as Plaintiff's supervisor, Defendant Carmen Morales contributed to the discrimination against Plaintiff by using insulting language towards Plaintiff and by threatening to dismiss Plaintiff.  On November 27, 2007, Carmen Morales met with Plaintiff and threatened to suspend her because of her unjustified absences.  Plaintiff alleges that her absences were justified since she had provided medical certificates supporting said absences.  Said threat made Plaintiff so nervous that she had to leave the office in order to seek treatment with the State Insurance Fund ("SIF").

At SIF, Plaintiff was diagnosed with cervical strain, laryngitis, dorsolumbar strain and problems with her left leg.  All of these conditions were correlated to her work environment and the lack of reasonable accommodations.  In August 2008 and while Plaintiff was still being treated by SIF, Carmen Morales allegedly called Plaintiff to inform her that her sick leave had been suspended and that she would be placed on vacation leave for around fifteen (15) days.  Plaintiff received no further communications from PRTC until February 25, 2009 when she was informed that she had been dismissed from her position.  On March 18, 2009, Plaintiff filed a charge against PRTC at the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on disability.  Plaintiff was

CIVIL NO. 10-1523 (JP)          -6-

provided with a right to sue letter on March 13, 2010. Plaintiff then filed the instant complaint on June 10, 2010.

## II.

### LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 570.

The First Circuit Court of Appeals has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007). Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

## III.

### ANALYSIS

Defendants moved to dismiss Plaintiff's: (1) retaliation claims brought under the ADA, (2) Title VII claims, (3) FMLA claims, and

CIVIL NO. 10-1523 (JP)          -7-

(4) COBRA claims.  Individual Defendants also separately request dismissal of all the claims against them.  Plaintiff opposed the request to dismiss the retaliation claims brought under the ADA and requested that the Title VII, FMLA, and COBRA claims be dismissed without prejudice.  Also, Plaintiff requested the dismissal without prejudice of almost all of the Individual Defendants.  Defendants opposed the requests for voluntary dismissal without prejudice.  The Court will now consider the parties' arguments.

A.    **Request For Voluntary Dismissal Without Prejudice**

After Defendants filed their motions to dismiss, Plaintiff filed two notices of voluntary dismissal requesting the dismissal without prejudice of her Title VII, FMLA, and COBRA claims, and her claims against Carmen Morales-Ríos, Jesús de Jesús, and José Ramos. Defendants opposed the requests for dismissal without prejudice.

Federal Rule of Civil Procedure 41(a)(2) provides that:

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The First Circuit has stated that "[t]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." Puerto Rico Maritime Shipping Authority v. Leith,

CIVIL NO. 10-1523 (JP)          -8-

668 F.2d 46, 50 (1st Cir. 1981) (quoting <u>LeCompte v. Mr. Chip, Inc.</u>, 528 F.2d 601, 604 (5th Cir. 1976)). The district court has the responsibility to ensure that such prejudice will not occur. <u>Doe v. Urohealth Systems, Inc.</u>, 216 F.3d 157, 160 (1st Cir. 2000). In deciding whether to allow the voluntary dismissal, courts generally consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." <u>Urohealth Systems</u>, 216 F.3d at 160. The Court need not consider each factor. <u>Id.</u>

Defendants argue that they would be prejudiced by allowing Plaintiff to dismiss her claims without prejudice because Plaintiff could file her complaint again and correct any deficiencies with her pleadings. Defendants also argue that Plaintiff has failed to provide an explanation for her request for dismissal. Defendants state they would be prejudiced because they have wasted resources drafting their dispositive motions. <u>Santiago-González v. José Santiago, Inc.</u>, 141 F. Supp. 2d 202, 205 (D.P.R. 2001).

After considering the arguments, the Court determines that Plaintiff should be allowed to voluntarily dismiss without prejudice her Title VII, FMLA and COBRA claims, and her claims against Carmen Morales-Ríos, Jesús de Jesús, and José Ramos. While it is true that Plaintiff failed to provide an explanation as to why she is

CIVIL NO. 10-1523 (JP)          -9-

requesting dismissal, the other factors described in <u>Urohealth Systems</u> favor dismissal.  This case is in its early stages and no discovery has been conducted.  In fact, the Court has not even set an Initial Scheduling Conference to schedule the discovery to be conducted in this case.  As such, Defendants have put only minimal effort and expense, if any, in preparation for trial.  Also, there has been no excessive delay or lack of diligence on the part of Plaintiff in prosecuting the action.

Further, the fact that Plaintiff may file the complaint again and correct the deficiencies pointed out by Defendants does not support a finding of legal prejudice.  See <u>Puerto Rico Maritime Shipping Authority</u>, 668 F.2d at 50 (finding that no legal prejudice would come from Plaintiff being able to file another complaint and from Plaintiff gaining a technical advantage).  Also, Defendants' reliance on <u>José Santiago, Inc.</u> is misplaced.  Unlike in <u>José Santiago, Inc.</u>, no motion for summary judgment has been filed here. 141 F. Supp. 2d at 205 (finding that legal prejudice would occur if allow to voluntarily dismiss case without prejudice if Defendant is entitled to judgment dismissing with prejudice on a summary judgment motion). Accordingly, the Court **GRANTS** Plaintiff's motion requesting authorization to dismiss without prejudice her Title VII, FMLA, and COBRA claims, and her claims against Defendants Carmen Morales-Ríos, Jesús de Jesús, and José Ramos.

CIVIL NO. 10-1523 (JP)          -10-

As such, Defendants' arguments regarding the Title VII claims, the FMLA claims and the COBRA claims in their motion to dismiss (No. 10) are **MOOT**.  Similarly, the arguments by Defendants Carmen Morales-Ríos, Jesús de Jesús, and José Ramos regarding the claims against them (No. 11) are **MOOT**.

B.    **Retaliation Claims Under the ADA**

In her complaint, Plaintiff brought retaliation claims against Defendants.  Defendants moved to dismiss arguing that Plaintiff failed to state a cause of action because she failed to correctly plead in her complaint that she exhausted her administrative remedies.[3]  Specifically, Defendants claim that Plaintiff failed to plead that she filed a retaliation charge before the EEOC.  Plaintiff counters that because she filed the EEOC charge on her own, as a lay person, it was acceptable to not include retaliation in her charge. Plaintiff also goes into the details of what she included in her EEOC complaint in order to state how she described her retaliation claim in sufficient detail in the EEOC complaint.

"The ADA incorporates the procedures and enforcement mechanisms of Title VII[.]" Soileau v. Guilford of Maine, Inc., 105 F.3d 12, 16 (1st Cir. 1997).  As such, guidance as to the correct analysis of Plaintiff's ADA retaliation claim is found in Title VII. Id. (citing Carparts Distribution Center, Inc. v. Automobile Wholesaler's

---

3.    While Defendants made other arguments regarding the retaliation claim, the Court will not address them as this is the dispositive issue.

CIVIL NO. 10-1523 (JP)           -11-

Association of New England, Inc., 37 F.3d 12, 16 (1st Cir. 1994). Under Title VII, Plaintiff must exhaust administrative remedies as a condition precedent to filing his or her claim in court. Lawton v. State Mutual Life Assurance Company of America, 101 F.3d 218, 221 (1st Cir. 1996). Similarly, Plaintiff must comply with the administrative procedures set forth in Title VII to bring a retaliation claim pursuant to the ADA. Ladenheim v. American Airlines, Inc., 115 F. Supp. 2d 225, 233 (D.P.R. 2000) (citing Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277 (1st Cir. 1999)).

    Even taking Plaintiff's allegations as true, the Court finds that Plaintiff has failed to sufficiently plead her cause of action for retaliation under the ADA. In her complaint, Plaintiff only alleges that she timely filed a charge of employment discrimination with the EEOC. No allegation was made by Plaintiff that she timely filed a retaliation charge with the EEOC. Since Plaintiff failed to plead that she exhausted her administrative remedies regarding the retaliation charges, the Court finds that Plaintiff has failed to plead sufficient facts to support her retaliation cause of action under the ADA. As such, the Court dismisses Plaintiff's retaliation claim against the remaining Defendants.[4]

---

4. The Court notes that whether Plaintiff was a lay person when she filed the EEOC charge and what additional information Plaintiff included in her EEOC charge is irrelevant. The issue before the Court is what Plaintiff alleged in the instant complaint.

CIVIL NO. 10-1523 (JP)          -12-

## C. <u>Remaining Claims Against Individual Defendants</u>

Plaintiff did not request voluntary dismissal of the claims against Defendant Elliot Rodríguez ("Rodríguez"). As such, the Court will consider the arguments made by Defendant Rodríguez requesting dismissal of the pending claims against him.[5] Defendant also requests attorney's fees and costs. Plaintiff presented no arguments in opposition.

### *1. ADA and Law 44*

In her complaint, Plaintiff brings claims under the ADA and Law 44, P.R. Laws Ann. tit. 1, §§ 501 *et seq.* ("Law 44"), against all of the Defendants. Rodríguez argues that the claims against him should be dismissed with prejudice since there is no individual liability under the ADA and/or Law 44. The Court agrees with Rodríguez. While the First Circuit has not directly addressed the issue, this district has followed the majority of circuits in holding that the ADA does not provide for individual liability. E.g. <u>Rodríguez-Fernández v. First Medical Health Plan, Inc.</u>, 2010 WL 5072584 at *6 (D.P.R. Dec. 10, 2010); <u>Reyes-Ortiz v. McConnell Valdés</u>, 714 F. Supp. 2d 234, 238 (D.P.R. 2010). Similarly, this district has determined that there is no individual liability under Law 44. <u>Vázquez-Vázquez v. Checkpoint Systems of Puerto Rico</u>,

---

5. The Court will not address Defendant Elliot Rodríguez's arguments regarding the Title VII, FMLA, and COBRA claims as all of said claims have been voluntarily dismissed. Further, the Court previously dismissed in this Opinion and Order the retaliation claims against him and PRTC as the only remaining Defendants.

CIVIL NO. 10-1523 (JP)          -13-

Inc., 609 F. Supp. 2d 217, 220 (D.P.R. 2009).  As such, the Court dismisses with prejudice Plaintiff's ADA and Law 44 claims against Defendant Rodríguez.

### *2.   Wrongful Termination under Law 80*

Plaintiff also bring claims for wrongful termination under Law 80, P.R. Laws Ann. tit. 29, §§ 185 *et seq.* ("Law 80"), against all Defendants.  Said claim fails against Defendant Rodríguez since there is no individual liability under Law 80.  See Pacheco-Bonilla v. Tooling & Stamping, Inc., 281 F. Supp. 2d 336, 339 (D.P.R. 2003); Mandavilli v. Maldonado, 38 F. Supp. 2d 180, 205 (D.P.R. 1999).  Thus, the Court dismisses the Law 80 claims against Rodríguez.  As such, there are no claims pending against Rodríguez in this case.

### *3.   Imposition of Costs and Attorney's Fees*

Defendant Rodríguez also requests attorney's fees and costs. Plaintiff did not oppose said request.  In light of the fact that Rodríguez is a prevailing party on the ADA claims, the Court determines that Rodríguez is entitled to reasonable attorney's fees and costs.  42 U.S.C. § 12205.  Defendant Rodríguez **SHALL** file his motion for attorney's fees with all the accompanying documentation **on or before June 10, 2011.**

CIVIL NO. 10-1523 (JP)            -14-

## IV.

## CONCLUSION

Thus, the Court: (1) **GRANTS** Plaintiff's motion requesting authorization to dismiss without prejudice her Title VII, FMLA, and COBRA claims, and her claims against Defendants Carmen Morales-Ríos, Jesús de Jesús, and José Ramos; (2) **FINDS AS MOOT** Defendants' request to dismiss with prejudice the Title VII, FMLA, and COBRA claims, and the claims against Defendants Carmen Morales-Ríos, Jesús de Jesús, and José Ramos; (3) **GRANTS** Defendant Rodríguez's motion to dismiss the remaining claims against him with prejudice, and for attorney's fees and costs; and (4) **GRANTS** Defendants' motion to dismiss with prejudice the retaliation claims brought by Plaintiff under the ADA. Accordingly, the Court will enter a separate Partial Judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of May, 2011.

                                            s/José Antonio Fusté
                                           JOSÉ ANTONIO FUSTÉ
                               UNITED STATES DISTRICT JUDGE